536 So.2d 1014 (1988)
William EUTZY, Appellant,
v.
STATE of Florida, Appellee.
No. 69004.
Supreme Court of Florida.
December 8, 1988.
Rehearing Denied February 6, 1989.
William H. Allen, Arvid E. Roach II, James R. Murray and Timothy C. Hester of Covington & Burling, Washington, D.C., for appellant.
Robert A. Butterworth, Atty. Gen. and Kurt L. Barch, Asst. Atty. Gen., Tallahassee, for appellee.
EHRLICH, Chief Justice.
William Eutzy, a prisoner under sentence of death, appeals the trial court's denial of his motion to vacate judgment and sentence filed pursuant to Florida Rule of Criminal Procedure 3.850. We have jurisdiction pursuant to article V, section 3(b)(1), Florida Constitution, and affirm the denial of relief.
Eutzy was found guilty of the first-degree murder of a Pensacola taxicab driver. The trial court declined to follow a jury recommendation of life imprisonment. Finding three aggravating factors[1] and no *1015 mitigating circumstances, the trial judge sentenced Eutzy to death. This Court affirmed the conviction and override sentence in Eutzy v. State, 458 So.2d 755 (Fla. 1984), cert. denied, 471 U.S. 1045, 105 S.Ct. 2062, 85 L.Ed.2d 336 (1985).
On September 13, 1985, Eutzy filed a pro se rule 3.850 motion to vacate conviction and sentence with the trial court which was denied on April 9, 1986. Eutzy filed a notice of appeal and secured counsel to represent him. On October 17, 1986, this Court granted a motion to relinquish jurisdiction to permit additional claims to be raised before the trial court.[2] An augmented rule 3.850 motion was filed with the trial court on December 30, 1986. An evidentiary hearing was held on May 22, 1987. The motion was denied on September 18, 1987. Eutzy seeks review of this denial.
Of the eleven claims[3] presented in his rule 3.850 motion to the trial court, Eutzy seeks review of the trial court's rejection of the following seven: 1) that trial counsel was ineffective for failing to develop or present evidence in mitigation at sentencing; 2) that trial counsel was ineffective for failing to raise a Miranda[4] objection to the introduction of a 1958 conviction at sentencing or to present mitigating evidence in connection with that conviction; 3) that on direct appeal, this Court improperly disregarded valid mitigating circumstances that supported the jury's recommendation of life; 4) that on direct appeal this Court applied an unconstitutional construction of the cold, calculated, and premeditated aggravating factor; 5) that this Court applied the Tedder[5] jury override standard in an arbitrary and discriminatory manner; 6) that on direct appeal, he was deprived of an adequate, reasoned proportionality review of his death sentence; and 7) that the trial court's reliance at sentencing upon an aggravating factor that was not supported by the evidence deprived him of due process.
We affirm the trial court's summary rejection of claims three through seven, which the court aptly characterized as "matters that were addressed or could have been addressed on direct appeal and are attacks and criticisms of the decision of the Florida Supreme Court."
The trial court also properly rejected Eutzy's ineffective assistance claims. To support a claim of ineffective assistance of counsel, a defendant must demonstrate first, that counsel's performance was deficient and, second, that the deficient performance prejudiced him. Strickland v. Washington, 466 U.S. 668, 669, 104 S.Ct. 2052, 2055, 80 L.Ed.2d 674 (1984). To demonstrate prejudice in connection with a death sentence a defendant must show that there was a reasonable probability that, absent the deficient performance, the outcome at sentencing would have been different. Id. at 695, 104 S.Ct. at 2068; Bertolotti v. State, 534 So.2d 386, 389-390 (Fla. 1988). As we recently noted in Harris v. State, 528 So.2d 361 (Fla. 1988), a court need not determine whether counsel's performance was deficient before examining whether the alleged deficiency was prejudicial. Id. at 363.
Eutzy's first claim of ineffective assistance is based on trial counsel's alleged failure to adequately investigate and present mitigating evidence during the penalty phase of the trial. Eutzy maintains *1016 that if his trial counsel had made a minimal investigation of potential mitigating evidence, counsel would have been able to present "a powerful affirmative case" at sentencing based on the testimony of Eutzy's family and his associates as a newspaper reporter and editor. He also maintains that expert psychiatric testimony and readily accessible school, medical, and prison records would have buttressed and affirmed the "positive attributes of [his] personality and background." Eutzy contends that this mitigating evidence would have provided support for the jury's recommendation of a life sentence and would have precluded an override of that recommendation. The trial court rejected this claim, concluding that "[b]ased upon counsel's contact with the client and his evaluation of the circumstances and background of his client, the strategy was to prevent the past of the Defendant from becoming known and material. He opted to preserve the right to opening and closing argument in the guilt and penalty phase, and he was successful." We agree that trial counsel's handling of the penalty phase of the trial was not deficient under the standards set forth in Strickland.
Eutzy's trial counsel testified at the rule 3.850 motion hearing that during his initial visit with Eutzy, Eutzy informed him that he had shot the victim and that he just wanted to get it over with. When trial counsel asked Eutzy whether there was anybody who could assist in the preparation of a defense, Eutzy informed him that he did not want anybody involved and that he wanted to get it over with as soon as possible. Eutzy specifically instructed counsel not to contact his mother because she was ill and he had not seen her in ten to twelve years. Eutzy gave counsel no information about his family. Eutzy also informed counsel that he had been in prison most of his life since the age of fifteen. We agree with the trial court's conclusion that it was counsel's strategy to keep Eutzy's background out of evidence. Further, even if we were to find that trial counsel's investigation and presentation of mitigating evidence was deficient, Eutzy has failed to establish a reasonable probability that the outcome at sentencing would have been different if such evidence had been presented.
The trial court found that Eutzy's claim that counsel was ineffective for failing to raise a Miranda objection to the introduction of the 1958 conviction at sentencing or to present evidence concerning the circumstances of that conviction should have been raised on direct appeal and that, on the record before him, Eutzy received adequate warnings prior to the interview. Although we do not agree that this claim of ineffective assistance is procedurally barred, we find that the claim was properly rejected. Eutzy has failed to demonstrate that the outcome at sentencing likely would have been different if the objection had been made and sustained.
At sentencing, the state introduced a certified copy of a 1958 Nebraska robbery conviction. This Nebraska conviction served as the basis for the trial court's finding that Eutzy had previously been convicted of a violent felony. Trial counsel objected to the admission of the Nebraska conviction on the grounds that no foundation had been laid establishing that this was the same William Eutzy convicted of the Nebraska robbery. During the penalty phase of the trial, Corrections Officer Shiver testified that while obtaining information from Eutzy for a standard "release on recognizance" form which is filled out for all inmates, Eutzy admitted to having been previously convicted of robbery. The trial judge ruled that this admission served as circumstantial evidence that Eutzy was the same William Eutzy convicted of the Nebraska offense.
In his rule 3.850 motion, Eutzy claimed that he was not given Miranda warnings prior to being interviewed by Officer Shiver. He contends that if counsel had raised this objection, the Nebraska judgment would have been inadmissible because there would have been no evidence linking him to that conviction. In denying relief in connection with this claim, the trial court found that Eutzy had been given proper warnings prior to the interview by Officer *1017 Shiver. Eutzy challenges the trial court's determination in a motion for reconsideration to the trial court. In an accompanying affidavit, Eutzy alleges that he twice asserted his right to remain silent prior to being interviewed by Officer Shiver and was not again advised of his rights prior to the questioning. These allegations were not presented to the trial court in the rule 3.850 motion or the hearing. However, even if there were a viable Miranda objection to the introduction of the admission made to Officer Shiver, Eutzy has made no showing that the state would have been unable to link up the conviction by other means such as finger prints.
Similarly, Eutzy has failed to demonstrate a reasonable probability that he would have received a life sentence if trial counsel had presented "mitigating" evidence concerning the 1958 conviction. Eutzy contends that counsel should have presented evidence that he had not committed a crime of violence since 1958 and that he did not injure anyone during that robbery. Despite the fact that this evidence was not presented, Eutzy received a life recommendation from the jury. There is no indication that the trial judge would have followed the jury's recommendation had counsel presented evidence of these factors during sentencing.
Accordingly, since Eutzy has failed to demonstrate entitlement to relief, the order of the trial court is affirmed.
It is so ordered.
OVERTON, McDONALD, SHAW and GRIMES, JJ., concur.
BARKETT, J., dissents with an opinion, in which KOGAN, J., concurs.
BARKETT, Justice, dissenting.
I cannot agree that trial counsel's handling of the penalty phase met the standards of Strickland. The majority accepts the proposition that counsel made a strategy decision to keep mitigating evidence from the jury. A strategic decision, however, implies a knowledgeable choice. The record here is clear that counsel did not know of any mitigating evidence because he had not conducted even a cursory investigation in preparation for the penalty phase. Therefore, he hardly could have rejected its use on the ground that it would be more harmful than helpful. Nor can I agree that the defendant's initial comment that he would prefer for counsel not to contact his mother excused counsel from any investigation of potentially mitigating evidence or excused him from, at the least, discussing the sentencing phase with his client.
In the absence of any mitigating evidence, the jury considered the nature of the crime and recommended a life sentence. This in itself lends strong support to the claim of ineffectiveness, since the presentation of mitigating evidence might have rendered the judge's override of the jury recommendation unreasonable. See Francis v. State, 529 So.2d 670, 674-79 (Fla. 1988) (Barkett, J., dissenting). I cannot say that there was no reasonable probability that the sentence would have been different if the proposed mitigating evidence had been in the record to augment and additionally support the jury's recommendation.
KOGAN, J., concurs.
NOTES
[1] The trial court found that: 1) Eutzy had previously been convicted of a violent felony; 2) the murder was committed during a robbery; and 3) the murder was cold, calculated, and premeditated. Eutzy v. State, 458 So.2d 755, 757 (Fla. 1984), cert. denied, 471 U.S. 1045, 105 S.Ct. 2062, 85 L.Ed.2d 336 (1985). On appeal this Court concluded that the second factor was not supported by the record. Id. at 758.
[2] This Court denied a petition for writ of habeas corpus in December 1986. Eutzy v. Wainwright, 500 So.2d 544 (Fla. 1986).
[3] Eutzy does not seek our review of four of the eleven claims presented to the trial court: 1) that the trial court's alleged predetermination as to guilt and as to imposition of the death penalty denied him a fair trial; 2) that counsel was ineffective for failing to communicate adequately with him and to develop evidence to impeach Eutzy's sister-in-law, Laura Eutzy; 3) that trial counsel was ineffective for failing to request individual voir dire; and 4) that trial counsel was ineffective for failing to develop an alternative factual scenario to explain the murder.
[4] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
[5] Tedder v. State, 322 So.2d 908 (Fla. 1975).