PER CURIAM.
Hector Sanchez asserts that the trial court committed reversible error by restricting Sanchez’s right to cross-examine the state’s key witness, Carlos Camacho, during Sanchez’s trial on charges of first-degree murder, armed robbery, and trafficking in cocaine. The jury convicted Sanchez of the lesser included offenses of third-degree murder without a firearm and robbery without a firearm. For the following reasons, we affirm Sanchez’s conviction and sentence.
Sanchez’s theory of defense was that Camacho had portrayed Sanchez as the mastermind and triggerman in the robbery-homicide in order to diminish Camacho’s own role in the killing and to protect Camacho’s brother-in-law, Paqui, from being implicated in the murder. The trial court did not allow Sanchez to cross-examine Camacho to determine whether Camacho knew that Paqui had been a suspect in the homicide and that Paqui had tried to cover for Camacho. Sanchez urges that evidence of such knowledge would have established a strong motivation for Camacho to return the favor and lie about Sanchez in order to protect Paqui. Although the trial court should have allowed Sanchez to develop more fully his defense theory, the trial court’s error is not fatal to the state’s case.
First, Sanchez conducted an extensive cross-examination of Camacho at trial in which the latter’s motivation to lie in the case was fully explored. It was established that Camacho was an accomplice in the robbery-homicide, that he was charged as a codefendant in the case and had pled guilty in exchange for a moderately lenient sentence of twenty years, and that he and Paqui saw each other frequently and were very close. Moreover, other evidence was adduced that Paqui was involved in the robbery-homicide. Paqui and Camacho had been seen on the night of the homicide in Paqui's car in which the victim was killed. Paqui was given $1,500 of the proceeds of the robbery and thereafter acquired a new car. Plainly, this was ample evidence upon which Sanchez could and did mount an effective argument to the jury concerning Camacho’s motive to lie to obtain a lenient sentence for himself and to protect Paqui, his brother-in-law with whom he was very close, from any suspicion in the murder.
Second, the additional facts that Sanchez was precluded from establishing, namely, that Paqui had tried to “cover” for Camacho and that Camacho “knew” that Paqui was a police suspect, added very little to what was already known concerning Camacho’s motivation to protect Paqui. The jury was already fully informed about Camacho’s strong motivation to protect his brother-in-law from any possible suspicion of murder. Even if the jury had known the two above-stated excluded “facts,” there is *662 no reasonable possibility that the outcome would have been any different.
Third, it is perfectly obvious—given Camacho’s virtually undisputed motive to lie to obtain a more lenient sentence for himself and to protect Paqui—that the jurors discounted this motive entirely because they were convinced that Camacho’s uncon-tradicted story was adequately corroborated by other evidence in the case. The state established that Sanchez arranged and paid for setting up the drug deal. Sanchez purchased the murder weapon. After the murder, Sanchez located the weapon for the police. Most of the money taken in the robbery was found in Sanchez’s home. Camacho’s description of the murder was consistent with the medical examiner’s findings.
The state’s evidence supports a prima facie case of harmless error, and the state offered argument on harmless error in its brief. The state having presented a prima facie case of harmlessness, the question to be answered by this court is whether the result at trial “would have been the same absent the error....” Ciccarelli v. State, 531 So.2d 129 (Fla.1988) (reviewing court must determine not whether overwhelming evidence of guilt exists but whether it can be said beyond a reasonable doubt that error could not have affected verdict). Having examined the entire record and evaluated the error as against the overall strength of the case, Ciccarelli, we are satisfied beyond a reasonable doubt that the error complained of did not contribute to the jury’s verdict or the judgment rendered by the trial court. See also State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
Sanchez’s conviction and sentence are, therefore, affirmed.