PER CURIAM.
Affirmed. We recognize that the trial court may have abused its discretion in precluding cross-examination of a state’s witness concerning statements made by the defendant. The statements were made in the conversation at the scene of a consent search. Although the officer/witness testified only to the physical conduct of the search and not to the contemporaneous conversation, the defense was entitled to ask about the statements even if self-serving. E.g., Coco v. State, 62 So.2d 892 (Fla.1953); Eberhardt v. State, 550 So.2d 102 (Fla. 1st DCA 1989), rev. denied, 560 So.2d 234 (Fla.1990). Nevertheless, here, *30 such error was harmless. Cf. Coxwell v. State, 361 So.2d 148 (Fla.1978). See also Ackerman v. State, 372 So.2d 215 (Fla. 1st DCA 1979) (Smith, J., concurring). The statement concerned the defendant explaining how he acquired a suitcase containing cocaine. This was subsequently testified to on defense. The defense also had the opportunity to recall the witness but elected not to do so. Nothing in the nature of the officer’s testimony made the court’s ruling unfair, nor did the excluded testimony refute, impeach or modify the state’s evidence.
WALDEN and STONE, JJ., concur.
WARNER, J., dissents with opinion.