596 So.2d 1034 (1992)
Bruce Douglas PACE, Appellant,
v.
STATE of Florida, Appellee.
No. 75056.
Supreme Court of Florida.
March 26, 1992.
Rehearing Denied May 18, 1992.
Nancy Daniels, Public Defender, and W.C. McLain, Asst. Public Defender, Second Judicial Circuit, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Mark C. Menser, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Bruce Pace appeals his conviction of first-degree murder and sentence of death. We have jurisdiction, article V, section 3(b)(1), Florida Constitution, and affirm both the conviction and sentence.
On November 7, 1989, following a report from the victim's daughter that she had not heard from her father for three days, investigators *1035 commenced a search for Floyd Covington, a taxicab operator. They found Covington's bloodstained taxicab hidden in a wooded area that evening. Serology testing showed the bloodstains in the car to be consistent with Covington's blood type. A bloodstain pattern analyst testified that the bloodstains showed that someone sitting behind the steering wheel had been shot, with the shot coming from the passenger's side. Based on blood smears, the analyst concluded that the victim was moved from the driver's seat to the passenger's side of the car. Investigators found Covington's body in another wooded area approximately twelve miles from the taxicab on November 10, 1989. Covington had been shot twice in the chest, from distances of three to seven feet, with a shotgun. The medical examiner testified that either of the wounds would have caused death and that Covington had been shot two to seven days before the searchers found his body. A jury convicted Pace of first-degree murder and armed robbery and recommended that he be sentenced to death, which the trial court did.
On appeal Pace contends, among other things, that the evidence was insufficient to convict him because it was circumstantial in nature and failed to exclude every reasonable hypothesis of innocence. We deem it unnecessary to recite the facts linking Pace to this killing. We have reviewed the record and find the evidence sufficient to support the jury's determination of guilt.
Pace also complains of trial error in admitting an exculpatory statement he made to his stepfather and other statements he made to his cousin. The trial judge determined the statement to the stepfather incriminating due to its inherent admissions and unbelievability. We find no abuse of discretion in this ruling. See Blanco v. State, 452 So.2d 520 (Fla. 1984), cert. denied, 469 U.S. 1181, 105 S.Ct. 940, 83 L.Ed.2d 953 (1985). In his statements to his cousin Pace expressed despair at being broke and said that he was going to remedy the condition "tomorrow" by doing something "he hated to do." These statements, when taken together with the other facts, were admissible. Swafford v. State, 533 So.2d 270 (Fla. 1988), cert. denied, 489 U.S. 1100, 109 S.Ct. 1578, 103 L.Ed.2d 944 (1989).
Pace also complains about his thwarted efforts to cross-examine state witnesses concerning a third shotgun shell found at the scene following testimony about two other shells. The trial judge sustained the state's objection that such questioning exceeded the scope of direct examination. A trial judge may disallow cross-examination on matters not the subject of direct examination. Steinhorst v. State, 412 So.2d 332 (Fla. 1982). However, in Coxwell v. State, 361 So.2d 148 (Fla. 1978), we held it error for a trial judge to disallow cross-examination if facts sought to be elicited were germane to that witness' testimony and plausibly relevant to the theory of defense. In evaluating Pace's claim, we thus must determine whether the third shotgun shell was germane to testimony about the other shells and, if so, was it arguably relevant. Pace contends that evidence about the third shell could have refuted the inference that the two red shells could have been left in the yard only as the result of the two fatal shots.
Although the relevance and significance of this third shell are less than compelling, we believe that cross-examination about it should have been allowed. We decline to reverse on this ground, however, because we find the error harmless. Assuming the truth of Pace's argument that his curtailed cross-examination would have rebutted the inference that the two shells were the ones that killed the victim, evidence of the shells was of little significance and thus not a factor in the jury's determination of guilt. Pace was not prevented from presenting this evidence; he was merely not allowed to do so by cross-examination. Were the third shell significant, undoubtedly he would have presented it. In Coxwell and Steinhorst we held that this type of trial error can be harmless. It is here.
Turning to the penalty, we hold that the aggravating circumstances of previous convictions of felony involving violence, committed while on parole, and committed *1036 while engaged in a robbery are all supported beyond a reasonable doubt. The trial judge found no statutory mitigating circumstances and, after reviewing the nonstatutory mitigating evidence, concluded that none of the suggested mitigating factors had been established. Considering the totality of the circumstances, we conclude that the record supports the trial judge's conclusion. Accord Floyd v. State, 569 So.2d 1225 (Fla. 1990). Even if one or more nonstatutory mitigating factors were wrongfully rejected, we are persuaded beyond a reasonable doubt that the weight thereof was so insignificant that the trial judge would have imposed death. Because the aggravating circumstances outweigh any nonstatutory mitigating evidence, death is the appropriate penalty. Accord Eutzy v. State, 458 So.2d 755 (Fla. 1984), cert. denied, 471 U.S. 1045, 105 S.Ct. 2062, 85 L.Ed.2d 336 (1985); Johnson v. State, 438 So.2d 774 (Fla. 1983), cert. denied, 465 U.S. 1051, 104 S.Ct. 1329, 79 L.Ed.2d 724 (1984).
Accordingly, we affirm the conviction and sentence of Bruce Douglas Pace.
It is so ordered.
SHAW, C.J., and McDONALD, GRIMES and HARDING, JJ., concur.
OVERTON, BARKETT and KOGAN, JJ., concur with conviction, but dissent as to sentence.