PER CURIAM.
Defendant appeals his conviction and sentence for manslaughter with a weapon. We affirm.
Defendant presents several arguments in favor of reversal. Only one merits discussion: defendant argues that the trial court committed reversible error in limiting his cross-examination of Sergeant Jimenez, one of the police officers who arrested him.
Defendant, a suspect in a murder investigation, was arrested by Sergeant Jimenez and Detective Voss and taken to the police station for questioning. Sergeant Jimenez was present during the questioning, but Detective Roque conducted the interview. During the questioning, defendant initially denied any involvement in the murder; he later confessed to stabbing the victim in self-defense.
We find that any abuse of discretion stemming from the trial court’s ruling regarding cross-examination did not amount to harmful error. Although the court prohibited the defense from cross-examining Sergeant Jimenez about the interview, it permitted the defense, during Detective Roque’s testimony, to cover extensively the events that transpired during the inter *489 view, including defendant’s demeanor and reactions. See Pace v. State, 596 So.2d 1034, 1035 (Fla.1992); Sanchez v. State, 537 So.2d 660 (Fla. 3d DCA 1989). The jury was fully apprised that defendant voluntarily recanted the original false statement he gave to Sergeant Jimenez. See Sanchez, 537 So.2d 660. Furthermore, the testimony defendant sought to elicit from Sergeant Jimenez would not have impeached or refuted the state’s evidence, Henry v. State, 566 So.2d 29 (Fla. 4th DCA), cause dismissed, 576 So.2d 287 (Fla.1990); the evidence was of little significance and would have been a minimal factor in the jury’s determination. See Pace, 596 So.2d at 1035. Thus, we hold that the error, if any, was harmless and affirm defendant’s conviction.
Affirmed.