972 So.2d 1047 (2008)
Timothy NEALS, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D06-2076.
District Court of Appeal of Florida, Third District.
January 23, 2008.
*1048 Bennett H. Brummer, Public Defender, and Colleen Brady Ward, Assistant Public Defender, for appellant.
Bill McCollum, Attorney General, and Lane Hodes, Assistant Attorney General, for appellee.
Before COPE, RAMIREZ, and ROTHENBERG, JJ.
ROTHENBERG, Judge.
Timothy Neals ("Neals") appeals his convictions for burglary of an occupied conveyance and petit theft, arguing that the trial court reversibly erred by precluding counsel from introducing evidence during the cross-examination of the lead detective that after Neals' arrest there was "a rash" of robberies on the other side of Homestead. We fund no error, and affirm.
During trial, Neals' counsel attempted to elicit from Detective Barker on cross-examination that after Neals was arrested, there was "a rash" of robberies on the other side of Homestead, allegedly committed by an African-American male in his thirties. Neals is an African-American male in his thirties. After conducting a hearing outside the presence of the jury, the trial court sustained the State's objection. Neals argues that the trial court reversibly erred in sustaining the State's objection. We disagree as: (1) defense counsel failed to provide a sufficient proffer to establish relevancy; (2) the evidence did not qualify as reverse Williams[1] rule evidence; (3) the evidence was inadmissible hearsay; and (4) the questions counsel sought to ask were outside the scope of the direct' examination of the witness.
*1049 Neals' counsel was unable to establish that the evidence of other "robberies" committed on the other side of Homestead was relevant as to whether Neals committed the charged burglary. When asked by the trial court if he could provide any other information or details regarding these other incidents, other than that they were allegedly committed by an African-American male in his thirties, Neals' counsel was unable to do so. Based upon Neals' counsel's inability to proffer sufficient evidence to establish relevancy of the evidence Neals sought to introduce, we find that the trial court did not abuse its discretion in precluding the admission of the evidence. See Moore v. State, 701 So.2d 545, 549 (Fla.1997) (holding that on review by an appellate court, a trial court's limitation of cross-examination is subject to an abuse of discretion standard); see also § 90.104(1)(b), Fla. Stat. (2006) (holding that to preserve the preclusion of evidence for appellate review, counsel must make an offer of proof of how the witness would have responded if allowed to answer the question); Morrison v. State, 818 So.2d 432, 448 n. 8 (Fla.2002) (holding that when a trial court excludes testimony due to an objection, the proponent of the excluded testimony must make a formal proffer to preserve any rights on appeal); Lucas v. State, 568 So.2d 18, 22 (Fla.1990) (same).
The failure of Neals' counsel to make a sufficient proffer is not, however, as problematic as the fact that the evidence Neals sought to introduce, as the trial court aptly noted, was not relevant. For other crimes to be relevant as evidence that the defendant did not commit the charged offense(s) (reverse Williams rule evidence), a close similarity of the facts is required. State v. Savino, 567 So.2d 892, 893-94 (Fla.1990) (stating that reverse Williams rule evidence may be introduced for exculpatory purposes if relevant, and for the evidence to be relevant, a close similarity of facts, a unique or "fingerprint" type of evidence, is required); see also Gore v. State, 784 So.2d 418, 431 (Fla.2001); Rivera v. State, 561 So.2d 536, 539 (Fla.1990). The only alleged similarities between the crimes Neals was charged with committing and the crimes committed after he was arrested and while he was in custody, were that the crimes were committed in Homestead (albeit on differing ends of the city) by an African-American male in his thirties. Not only was counsel unable to provide any specific information as to the circumstances surrounding the commission of these other crimes, or as to the individual(s) who allegedly committed these offenses, Neals' counsel admitted that the modus operendi of these other crimes differed from the offenses Neals was charged with committing. Thus, by counsel's own admission, the evidence he sought to introduce did not qualify as reverse Williams rule evidence and was properly excluded by the trial court.
The evidence Neals' counsel sought to introduce was also inadmissible hearsay and was outside the scope of the direct examination of the witness. See Crump v. State, 622 So.2d 963, 969 (Fla.1993) (holding that the substance of witness interviews was inadmissible hearsay and did not constitute reverse Williams rule evidence because it would not have been admissible if the suspect of the uncharged crime had been on trial for that offense); Lambrix v. State, 494 So.2d 1143, 1147-48 (Fla.1986) (finding that the trial court properly denied cross-examination where appellant sought to inquire about issues not raised on direct examination and was attempting to use cross-examination as a vehicle for presenting defensive evidence).
Affirmed.
NOTES
[1] Williams v. State, 110 So.2d 654 (Fla.1959).