DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**TONY DOUSE,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D16-1762

[October 4, 2017]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Charles Burton, Judge; L.T. Case No. 50-2014-CF-012651-AXXX-MB.

Carey Haughwout, Public Defender, and Tom Wm. Odom, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Anesha Worthy, Assistant Attorney General, West Palm Beach, for appellee.

CIKLIN, J.

The defendant was convicted of sexual battery. The defendant raises two issues on appeal, each relating to the inadvertent disclosure of inadmissible evidence to the jury through a mistakenly unredacted recording of a police interview. We find both arguments to be without merit and we affirm, but we write to address defense counsel's admission at trial that he failed to provide effective assistance.

To establish a claim of ineffective assistance of counsel, a defendant "must demonstrate: (1) that counsel's performance was deficient; and (2) a reasonable probability that the result of the proceeding would have been different absent the deficient performance." *Routly v. State*, 590 So. 2d 397, 401 (Fla. 1991) (citing *Strickland v. Washington*, 466 U.S. 668 (1984); *Eutzy v. State*, 536 So. 2d 1014, 1015 (Fla. 1988)). Within the ineffective assistance analysis, a deficiency in performance cannot be presumed from counsel's mere admission that he or she was ineffective. *See id.* at 401 n.4 ("[A]n attorney's own admission that he or she was ineffective is of little persuasion in these proceedings." (quoting *Kelley v. State*, 569 So. 2d 754, 761 (Fla. 1990))). This is because the "admission that he or she was ineffective is not evidence of counsel's performance . . . ." *Marek v. State*, 14 So. 3d 985, 1000 (Fla. 2009); *see also Ibar v. State*, 190 So. 3d 1012,

1022 (Fla. 2016) (finding counsel was ineffective but emphasizing that finding was not based on counsel's admission of ineffective assistance).

Because an admission by counsel that he or she was ineffective cannot form the basis of an ineffective assistance of counsel claim, *Marek,* 14 So. 3d at 1000, we caution counsel against relying on an attempt to fall on counsel's own sword in order to rescue his or her client from a deficient performance.

*Affirmed.*

KLINGENSMITH, J., and METZGER, ELIZABETH A., Associate Judge, concur.

\*      \*      \*

**Not final until disposition of timely filed motion for rehearing.**