322 So.2d 908 (1975)
Mack Reed TEDDER, II, Appellant,
v.
STATE of Florida, Appellee.
No. 46267.
Supreme Court of Florida.
November 19, 1975.
*909 James A. Gardner, Public Defender, and Elliott C. Metcalfe, Jr., Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Andrew W. Lindsey, Asst. Atty. Gen., for appellee.
PER CURIAM.
This case is here on direct appeal from the Hernando County Circuit Court. Appellant was convicted by a jury of first degree murder and sentenced by the trial judge to death. We have jurisdiction pursuant to Article V, § 3(b)(1) of the Florida Constitution (1973).
On January 17, 1974, appellant's wife and mother-in-law were laying a sidewalk outside the trailer where they resided. Appellant and his wife had recently separated. Without advance warning of any sort, appellant stepped from behind a tree and fired a shot in the direction of the women and appellant's infant son. All fled toward the trailer, where appellant's wife ran with the baby to a back bedroom in order to obtain a shotgun. She succeeded in locking the bedroom door behind her, but while loading the shotgun she heard more shots and the scream of her mother. Appellant then broke open the bedroom door and, gun in hand, took away the shotgun and told his wife to bring the baby and come with him. As they left, his wife saw her mother lying on the floor in a hallway. Appellant would not permit his wife to examine the body. The next morning appellant was arrested at a farm owned by his father. On February 14, appellant's mother-in-law died from gunshot wounds.
Appellant's trial resulted in a conviction for first degree murder. Pursuant to Section 921.141, Fla. Stat. (1973), a second jury trial was held to determine whether appellant should be sentenced to death or life imprisonment. No additional evidence was presented to the jury during this second trial except appellant's age (20 years), and after deliberating for 16 minutes the jury returned a recommendation of life imprisonment.
On the following day the trial judge conducted a hearing on which to base his *910 recommendation for appellant's sentence. The only evidence considered which had not been before the jury was a pre-sentence investigation report showing that appellant had been convicted on one prior occasion of breaking and entering with intent to commit a misdemeanor (petit larceny). At the conclusion of this hearing the trial judge recommended a sentence of death, complying with Section 921.141(3) by listing three aggravating circumstances and finding none in mitigation. The aggravating circumstances identified by the trial judge were (1) that appellant knowingly created a great risk of death to many persons, (2) that the crime was committed while the defendant was engaged in the commission of kidnapping, and (3) that the crime was especially heinous, atrocious or cruel.
Appellant raises several grounds for reversing the conviction and the sentence of death. The only argument addressed to the conviction is an assertion that the record evidence does not support a determination that appellant had a premeditated design to effect the death of his mother-in-law. We believe that it does. It was not necessary for the state to establish prior hostility between appellant and his mother-in-law, or prior pronouncements of murderous intent, as appellant contends. Premeditated design may be established by circumstantial evidence,[1] and in this case the circumstances amply justify such a finding. Appellant came from a place of concealment with a deadly weapon in his hand, and without discussion or warning began firing shots at his intended victim. He pursued his victim inside her trailer, where additional shots were fired. He then abandoned his victim and prevented the only persons present from providing aid. Appellant's conduct establishes premeditation to effect that which was in fact accomplished. The evidence was sufficient to establish that he "had formed in his mind a distinct and definite purpose to take the life of another human being and deliberated or meditated upon such purpose for a sufficient length of time to be conscious of a well defined purpose and intention to kill another human being... ."[2]
With respect to the trial court's sentence, we agree with appellant that the death penalty was inappropriate and that a life sentence should have been imposed. A jury recommendation under our trifurcated death penalty statute should be given great weight. In order to sustain a sentence of death following a jury recommendation of life, the facts suggesting a sentence of death should be so clear and convincing that virtually no reasonable person could differ. That is not the situation here.
It is apparent that all killings are atrocious, and that appellant exhibited cruelty, by any standard of decency, in allowing his injured victim to languish without assistance or the ability to obtain assistance. Still, we believe that the Legislature intended something "especially" heinous, atrocious or cruel when it authorized the death penalty for first degree murder.[3]
On the facts and circumstances of this case, there is no reason to override the jury's advisory sentence. Appellant's conviction for first degree murder is affirmed. The order of the trial judge sentencing appellant to death by electrocution is *911 quashed,[4] and the trial judge is directed to enter a sentence of life imprisonment.
BOYD, OVERTON, ENGLAND, SUNDBERG and DREW (Retired), JJ., concur.
ADKINS, C.J., agrees to conclusion.
ROBERTS, J., dissents.
NOTES
[1] Larry v. State, 104 So.2d 352 (Fla. 1958).
[2] Snipes v. State, 154 Fla. 262, 270, 17 So.2d 93, 97 (Fla. 1944) (concurring opinion).
[3] "It is our interpretation that heinous means extremely wicked or shockingly evil; that atrocious means outrageously wicked and vile; and that cruel means designed to inflict a high degree of pain with utter indifference to, or even enjoyment of, the suffering of others. What is intended to be included are those capital crimes where the actual commission of the capital felony was accompanied by such additional acts as to set the crime apart from the norm of capital felonies  the conscienceless or pitiless crime which is unnecessarily torturous to the victim." State v. Dixon, 283 So.2d 1, 9 (Fla. 1973).
[4] It is unnecessary to deal with appellant's request that we declare the death penalty unconstitutional under Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972).