HATCHETT, Justice,
concurring specialty-
I join in the denial of the Motion for Stay and the denial of the Appellant’s Motion to Vacate and Set Aside or Correct Sentence only because I am bound by duty to uphold the law as defined by this Court and the United States Supreme Court. If I alone were determining the constitutionality of Section 921.141, Florida Statutes, I would find the statute unconstitutional on its face. But that question has been decided to the contrary by the United States Supreme Court in Proffitt v. Florida, 428 U.S. 242, 96 S.Ct. 2960, 49 L.Ed.2d 913 (1976) and by this Court in State v. Dixon, 283 So.2d 1 (Fla. 1973). Now that the question of the statute’s application is clearly presented, I would also find Section 921.141, Florida Statutes to be unconstitutional as applied. A review of the cases that have come before this Court indicate that the death sentence is imposed irregularly, unpredictably, and follows no discernable pattern. Swan v. State, 322 So.2d 485 (Fla.1975), (victim brutally beaten and tied in such a manner that struggling to free herself would choke her); Halliwell v. State, 323 So.2d 557 (1975) (victim beaten to death with an iron bar and corpse cut into pieces); Tedder v. State, 322 So.2d 908 (Fla.1975) victim shot, perpetrator refused to allow anyone the *88 right to aid her as she bled to death). In all of these cases this Court reduced the death sentences to life imprisonment.[1] It is apparent to me that the death penalty under the Florida statutory scheme is being administered in an arbitrary and capricious manner inconsistent with the premises underlying Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972); State v. Dixon, supra, and Proffitt v. Florida, supra. But this issue was apparently foreclosed by the United States Supreme Court in its decision in Proffitt.
Although the Constitution provides in Article V, Section 3(b)(2) that the Supreme Court “shall hear appeals from final judgments and orders of trial courts imposing life imprisonment” the Legislature has never activated this provision. Consequently, the Florida Supreme Court only reviews cases in which the death penalty is imposed. This Court is without authority to review those cases where the trial judge imposes a sentence of life imprisonment, regardless of the jury’s recommendation of life or death. This situation deprives this Court of the opportunity to determine whether death is being imposed evenhandedly. Herein lies the breeding grounds for all of the horrors condemned by Furman.
Two men charged for the same first degree murder, tried in the same courtroom, at the same time, before the same judge and jury, could upon conviction, conceivably be sentenced, one to death, and the other to life, through the exercise of the unfettered discretion afforded the trial judge under our statute. The one receiving the life imprisonment sentence would have his case reviewed by a District Court of Appeal which is powerless to review the appropriateness of the sentence. Therefore, in that situation, the trial judge’s discretion as to sentence is never really reviewed. This statutory scheme insulates the discretion exercised by the trial court from review by any higher court, including the Supreme Court of Florida which is charged with the duty of insuring that the death penalty is imposed strictly in accordance with the dictates of Section 921.141, Florida Statutes, and that those convicted of murder receive equal treatment under the law.

. McCaskili, Williams v. State, 344 So.2d 1276 (Fla.1977).
Burch v. State, 343 So.2d 831 (Fla.1977).
Huckaby v. State, 343 So.2d 29 (Fla.1977).
Chambers v. State, 339 So.2d 204 (Fla.1976).
Jones v. State, 332 So.2d 615 (Fla.1976).
Provence v. State, 337 So.2d 783 (Fla.1976).
Thompson v. State, 328 So.2d 1 (Fla.1976).
Obviously this Court has had great difficulty in applying the present statute. The aggravating and mitigating circumstances enumerated in Section 921.141(5), (6) .are so ill defined and vague as to escape reasonable and consistent application.