HATCHETT, Justice,
dissenting.
I agreed to hear argument on suggested changes to the rule covering the use of *657 presentence investigation reports in capital cases out of a concern that PSI’s were being used to override jury recommendations and render meaningless our decision in Tedder v. State, 322 So.2d 908 (Fla.1977).
In light of the majority’s position expressed here, I abandon the hope that the degree of purity that I desire in the sentencing process in capital cases, and the purity which I believe is required by the United States and Florida Constitutions, will be achieved at this time. I would at least require a presentence investigation report in all capital cases. What is gained by having PSI reports in some capital cases but not in others, at the sole discretion of the trial judge? If these reports have a potentially beneficial impact on the capital sentencing process, our constitutional guarantees of equal protection under the laws would seem to mandate the extension of these benefits to every individual facing a sentence of death. Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972). In addition, the rule as presently adopted contains no standards to guide trial judges in their determinations as to whether such reports are necessary.
Therefore, I must respectfully dissent.