1036

ET AL.   Appeal from Ct. App. Iowa dismissed for want of jurisdiction.

No. 88–5054.   SULLIVAN v. SULLIVAN.   Appeal from Sup. Ct. Tex. dismissed for want of jurisdiction.   Treating the papers whereon the appeal was taken as a petition for writ of certiorari, certiorari denied.

No. 88–6040.   McCABE v. DIAS ET AL.   Appeal from Ct. App. Cal., 1st App. Dist., dismissed for want of jurisdiction.   Treating the papers whereon the appeal was taken as a petition for writ of certiorari, certiorari denied.

No. 87–1384.   THOMAS v. SHIPKA.   C. A. 6th Cir.   Certiorari granted, judgment vacated, and case remanded for further consideration in light of *Owens* v. *Okure, ante*, p. 235.

No. 88–550.   UNITED STATES v. CHAVEZ-SANCHEZ.   C. A. 9th Cir.   Certiorari granted, judgment vacated, and case remanded for further consideration in light of *Mistretta* v. *United States, ante*, p. 361.

No. — — ——.   CALPIN v. CARLSON ET AL.   Motion to direct the Clerk to file petition for writ of certiorari out of time denied.

No. — — ——.   KIRKPATRICK v. CALIFORNIA.   Motion for leave to proceed *in forma pauperis* without an affidavit of indigency executed by petitioner granted.

No. A–568 (88–287).   TIMES MIRROR CO. ET AL. v. DOE.   Ct. App. Cal., 4th App. Dist.   Application to stay proceedings in the Superior Court of California, County of San Diego, presented to JUSTICE O'CONNOR, and by her referred to the Court, denied. JUSTICE STEVENS took no part in the consideration or decision of this application.

No. A–580.   BUNDY v. DUGGER, SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS;
No. A–585.   BUNDY v. FLORIDA; and
No. A–586.   BUNDY v. DUGGER, SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS.   Applications for stay of execution of sentence of death, presented to JUSTICE KENNEDY, and by him

referred to the Court, denied. JUSTICE BLACKMUN would grant the applications for stay in Nos. A–580 and A–586. JUSTICE STEVENS would grant the application for stay in No. A–580.

JUSTICE BRENNAN, with whom JUSTICE MARSHALL joins, dissenting.

Adhering to my view that the death penalty is in all circumstances cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments, *Gregg* v. *Georgia*, 428 U. S. 153, 227 (1976), I would grant the applications for stay of execution.

Even were I not of the foregoing view, I would grant application Nos. A–580 and A–586 pending the filing of a petition for certiorari, which I would hold for our decision in *Dugger* v. *Adams*, No. 87–121, cert. granted, 485 U. S. 933 (1988).

In *Caldwell* v. *Mississippi*, 472 U. S. 320, 328–329 (1985), we held that "it is constitutionally impermissible to rest a death sentence on a determination made by a sentencer who has been led to believe that the responsibility for determining the appropriateness of the defendant's death rests elsewhere." *Adams* and numerous cases that have been held for it raise the question whether the rationale of *Caldwell* applies to statements made by prosecutors and judges to the effect that the jury's sentence is merely advisory and that the judge remains responsible for the sentence ultimately imposed. See, *e. g., Preston* v. *Florida*, No. A–216; *Ford* v. *Dugger*, No. 88–5582; *Spisak* v. *Ohio*, No. 88–5169; *Grossman* v. *Florida*, No. 88–5136; *Harich* v. *Dugger*, No. 88–5216. In Florida cases, the notion that the jury's sentence is merely "advisory" appears to be at odds with that State's settled law that the jury determination must be given "great weight" and may be overturned by the judge only when the facts are "so clear and convincing that virtually no reasonable person could differ." *Tedder* v. *State*, 322 So. 2d 908, 910 (Fla. 1975).

In the present action, the jurors were repeatedly informed throughout *voir dire* and the sentencing instructions that their role was to "render an advisory opinion only, just that, an opinion," or "just a sort of recommendation, so to speak, from the jury as to what penalty ought to be imposed," and that "[t]he law places the awesome burden upon the judge to decide what final disposition is made or penalty is imposed in a capital case." Unlike the situation we faced recently in *Daugherty* v. *Florida*, *ante*, p. 936, these were not merely two isolated comments of the prosecutor, but

rather repeated instructions by both the prosecutor and the trial judge. We have not yet decided that such comments amount to a violation of *Caldwell* v. *Mississippi*, but we have held several other cases—whose facts are virtually identical to these—pending our decision in *Dugger* v. *Adams*. I see no principled basis for refusing to do so here.

Nor should there be any procedural objection to such a course. In No. A–580, at least, the State has failed to raise any objection, either on the grounds of exhaustion or abuse of the writ. Because the State made no procedural objections in either the District Court or the Court of Appeals, any such claims should be considered waived. Cf. *Jenkins* v. *Anderson*, 447 U. S. 231, 234, n. 1 (1980). The District Court's boilerplate sentence holding all four of the claims applicant Bundy presented to it to constitute abuse of the writ should not change that conclusion, especially as the State subsequently failed to raise that defense in this Court.

No. D–740. IN RE DISBARMENT OF SMITH. Disbarment entered. [For earlier order herein, see *ante*, p. 938.]

No. D–741. IN RE DISBARMENT OF WEINBERG. Disbarment entered. [For earlier order herein, see *ante*, p. 952.]

No. D–760. IN RE DISBARMENT OF WALLIS. It is ordered that Grace M. Wallis, of Mill Bay, British Columbia, Canada, be suspended from the practice of law in this Court and that a rule issue, returnable within 40 days, requiring her to show cause why she should not be disbarred from the practice of law in this Court.

No. D–761. IN RE DISBARMENT OF GRAHAM. It is ordered that Frederick Townley Graham, of San Rafael, Cal., be suspended from the practice of law in this Court and that a rule issue, returnable within 40 days, requiring him to show cause why he should not be disbarred from the practice of law in this Court.

No. D–762. IN RE DISBARMENT OF KOTZKER. It is ordered that Michael Steven Kotzker, of Los Angeles, Cal., be suspended from the practice of law in this Court and that a rule issue, returnable within 40 days, requiring him to show cause why he should not be disbarred from the practice of law in this Court.

No. D–763. IN RE DISBARMENT OF GRIDLEY. It is ordered that John N. Gridley III, of Sioux Falls, S. D., be suspended from the practice of law in this Court and that a rule issue, returnable