## Re: OPINION OF THE JUSTICES.

Supreme Court of Delaware.

July 11, 2003.

Re: *House Bill No. 287.*

Dear Governor Minner:

The Justices each acknowledge receipt of your letter of July 10, 2003, in which you have requested their opinions in writing on the following question:

[W]hether the provisions of House Bill No. 287 are valid under the Constitution of the United States and the Constitution of the State of Delaware, either generally, or specifically as applied "to all defendants tried, re-tried, sentenced or re-sentenced after its effective date."

As you state in your letter, this request is made in accordance with the provisions of Title 10, Section 141(a) of the Delaware Code, which provides, in pertinent part, as follows:

The Justices of the Supreme Court, whenever the Governor of this State . . . require[s] it for public information, or to enable [her] to discharge [her] duties, may give . . . their opinions in writing touching the proper construction of any provision in the Constitution of this State, or of the United States, or the constitutionality of any law or legislation passed by the General Assembly. . . .

You also cite Title 29, Section 2102 of the Delaware Code, to the same effect.

■ Preliminarily, we should put in perspective the authority provided in these statutes for the Governor or the General Assembly to seek the opinions of the Justices on constitutionality, and the discretion provided to the Justices to express their opinions in response. Such opinions are the individual, personal views of the individual Justices; as such, they are not the opinions of the Supreme Court itself and they are not binding precedent in any case that may later come before the Supreme Court. Nevertheless, the opinions of the Justices may be very relevant to one or more of the litigants in any later court proceeding. *See Opinion of the Justices,* 413 A.2d 1245, 1248 (Del.1980).

As you note in your letter, House Bill No. 287 has passed both Houses of the General Assembly and has been presented to you pursuant to Article III of the Delaware Constitution. You have further noted that if you do not act (to sign or veto) this Bill, it will become law without your signature on July 15, 2003. Your concern, very aptly expressed, relates to the public interest that,

[T]he constitutionality of this Bill be promptly and authoritatively addressed, so that the State (including its jurors, prosecutors and judicial officers) can avoid the very substantial cost of retry-

ing and re-litigating costly death penalty matters in the event that some portion of this measure is later determined to be invalid.

You have noted that the operative provisions, Sections 1 and 2 of the Bill, would amend the death penalty statute concerning procedures pursuant to which a Court may sentence a defendant to death over a contrary vote of a jury. As you have also noted, Section 4 of the Bill "shall apply to all defendants tried, re-tried, sentenced or resentenced after its effective date."[1] You have further noted that the Bill does not contain a "severability clause," which would have declared that its provisions are severable in the event that any provision of the Bill is determined to be invalid. Your inquiry, as we see it in context, reflects the correct recognition that the death penalty statutes require delicate analysis and careful drafting of interrelated provisions in light of the matrix of federal and state jurisprudence.

The Justices understand your request to raise the following two issues: First, are any of the provisions of the Bill unconstitutional on their face? Second, do any of the provisions, including Section 4, create the potential that the Bill may be unconstitutional as applied in specific cases?

Therefore, keeping in mind the limited and special role of opinions of the Justices rendered pursuant to these statutes, the Justices are unanimous in expressing jointly their opinions on these questions, as follows:

■ First, in our opinion, none of the provisions of House Bill No. 287 is unconstitutional on its face, at least to the extent that they operate prospectively to defendants whose crimes are committed after the statute is enacted.[2] Second, whether or not any of the provisions set forth in Sections 1, 2 or 4 may be deemed to have been unconstitutionally applied retrospectively or sought to be applied to a particular defendant in a particular case may be determined only on a case-by-case basis.

Therefore, we are unable to express any opinion on the second question because a lawyer in a particular case, representing a defendant sentenced to death or in jeopardy of receiving a death sentence, is expected to raise in good faith any tactically appropriate, non-frivolous argument. Such an argument may include issues of statutory interpretation or constitutionality as applied to that defendant under the circumstances of the particular case. This is the essence of our adversary system and invokes the role of the independent judiciary to render a reasoned decision in the case. It is the exclusive province of the legislative branch to pass, and the Governor to sign, such laws as they see fit. The role of the courts is centered on litigation that may come later, raising interpretation and constitutional issues for decision. It is then that the Courts are free to speak on the merits of the arguments presented to them.

Thus, at this stage as distinct from the formative stage in the legislative drafting process it would be inappropriate for us to suggest specific, potentially problematic legal or constitutional issues that counsel in a particular case might raise, based on the provisions of this Bill or the characterization of those provisions in the synopsis. Moreover, any such suggestions by the

---

1. Apparently there is no Section 3 in the Bill.

2. *See Dobbert v. Florida,* 432 U.S. 282, 295–97, 97 S.Ct. 2290, 53 L.Ed.2d 344 (1977) (upholding, against an *ex post facto* attack, the Florida statute, on which the 1991 Delaware statute was later based, because of the crucial protection in the Florida statute provided by the gloss in *Tedder v. Florida,* 322 So.2d 908, 910 (Fla.1975)).

Justices at this juncture would be particularly inappropriate because there is currently pending in this Court an appeal from the death sentence imposed by the Superior Court on remand in the *Garden* case, which is the very case that is discussed at length in the synopsis to House Bill No. 287. *See Garden v. State*, Nos. 252/292, 2003 (Consolidated) (Del.Supr.). That appeal has not been briefed or argued before the Supreme Court. In fact, the opening brief is not due until July 31, 2003.

We trust that our response is timely and helpful to the limited extent that we are able to answer your inquiry. We have made every effort to respond to your letter well in advance of the July 15, 2003 date noted in your letter, in order to give you adequate time to fulfill your Constitutional responsibilities.

We conclude with two administrative matters in connection with this response to your inquiry. First, under Supreme Court Rule 44(c) this response will not be released publicly by us. Such release is solely your prerogative for the five-day period set forth in the Rule. Second, in keeping with the individual nature of opinions of the Justices as mentioned above, each of us has personally signed this joint opinion. Justice Steele is out of State and, therefore, it is impracticable on such short notice to secure his manual signature. As a result, he has authorized the Chief Justice to sign for him.

Please let us know if we can be of any further assistance.

Respectfully,

/s/ E. Norman Veasey

E. Norman Veasey, Chief Justice

/s/ Randy J. Holland

Randy J. Holland, Justice

/s/ Carolyn Berger

Carolyn Berger, Justice

/s/ Myron T. Steele

Myron T. Steele, Justice

/s/ Jack B. Jacobs

Jack B. Jacobs, justice