PARIENTE, J.,
concurring.
I concur in affirming the death sentence in this ease. I write separately to once again discuss an issue on which I have often spoken in recent years — the trial court’s use of a penalty-phase special verdict form to record the jury’s vote on the aggravating and mitigating circumstances. Because of our decision in State v. Steele, 921 So.2d 538, 548 (Fla.2005), in which the majority determined that our legislative scheme did not permit the use of special verdict forms, we are now in the position of deciding whether the use of those forms in an individual case constitutes harmful error.
Unfortunately, instead of encouraging the use of these special verdict forms, the majority in Steele foreclosed their use. As I explained in Coday v. State, 946 So.2d 988, 1024 (Fla.2006) (Pariente, J., concurring in part and dissenting in part), cert. denied, - U.S. -, 127 S.Ct. 2918, 168 L.Ed.2d 249 (2007), the use of special ver- *671 diet forms would enable this Court “to tell when a jury has unanimously found a death-qualifying aggravating circumstance, which would both facilitate our proportionality review and satisfy the constitutional guarantee of trial by jury even when the recommendation of death is less than unanimous.” I continue to adhere to my view that our decision in Steele prohibiting the use of special verdict forms “makes capital sentencing less transparent, less conducive to appellate review and therefore, ultimately less fair and reliable.” Id. Indeed, it is troubling that we require that trial courts give jury recommendations “great weight,” Tedder v. State, 322 So.2d 908, 910 (Fla.1975), but then disallow special verdict forms that will enable the trial court to understand how the jury reached its determinations.
I understand that the majority in Steele felt restricted by the legislative scheme and even urged the Legislature to reconsider the statute. However, instead of heeding the majority’s recommendation in Steele to “require some unanimity in the jury’s recommendations,” Steele, 921 So.2d at 548, the Legislature has failed to act and therefore continues to make Florida the ultimate outlier. As Justice Cantero observed in writing for the majority, “Florida is now the only state in the country that allows a jury to decide that aggra-vators exist and to recommend a sentence of death by a mere majority vote.” Id. (emphasis omitted).
In this case, Chief Judge Belvin Perry, one of the most experienced trial judges in the State in death penalty cases, utilized a special verdict form. As noted by the majority, he indicated during the trial that he did not like “fishing in the dark.” Apparently, Chief Judge Perry believes that utilizing a special verdict form enhances his own independent decision making. In fact, the jury’s findings as to the aggrava-tors and mitigators were incorporated into his sentencing order as follows:
Twelve (12) members of the jury found beyond a reasonable doubt that the defendant had been previously convicted of a felony involving the use or threat of violence to some person.
Twelve (12) members of the jury found beyond a reasonable doubt that the crime for which the defendant was to be sentenced was committed while he was engaged in the commission of the crime of robbery.
Nine (9) members of the jury found beyond a reasonable doubt that the crime for which the defendant was to be sentenced was committed for financial gain, while three (3) members of the jury did not find that the crime for which the defendant was to be sentenced was committed for financial gain.
[[Image here]]
Twelve (12) members of the jury did not find the presence of the mitigating factor that “the defendant was an accomplice in the capital felony committed by another person, and the defendant’s participation was relatively minor.”
Twelve (12) members of the jury did not find the age of the defendant at time of the crime was a mitigating factor.
Three (3) members of the jury found that some aspect of the defendant’s character, record, or background was a mitigating factor, while nine (9) members of the jury did not find this to be a mitigating fact.
Twelve (12) members of the jury did not find some other circumstance of the offense was a mitigating factor.
These findings confirm my statements in Franklin and what I have reiterated today, that this type of special verdict form “could be a model for all death penalty cases.” Franklin v. State, 965 So.2d 79, 103 (Fla.2007) (Pariente, J., specially con *672 curring). It would not only clearly “assist the trial court in determining whether to impose the death penalty,” but also “facilitate review by the appellate court, especially in a harmless error analysis.” Id. (quoting Globe v. State, 877 So.2d 663, 680 (Fla.2004) (Pariente, J., specially concurring)). As the special verdict form in this case reveals, the jury was unanimous in its findings on two of the aggravators and its rejection of two of the statutory miti-gators, yet still recommended the death sentence by a vote of seven to five.
In addition, the verdict form evidences that a unanimous jury found that two ag-gravators, a prior violent felony and murder during the commission of a robbery, were proven beyond a reasonable doubt, which forecloses any claim of constitutional infirmity under Ring v. Arizona, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002). See Franklin, 965 So.2d at 103 (Pariente, J., specially concurring) (“[T]he jury’s unanimity in finding the existence of four aggravators supported the trial court’s decision to impose death based on the same four aggravators.”). Furthermore, because one of the aggravating factors is a prior conviction for a violent felony, I agree that Ring would not be applicable. See Doorbal v. State, 837 So.2d 940, 964 (Fla.2003) (Pariente, J., concurring as to the conviction and concurring in result only as to the sentence). Therefore, although I disagree with the majority’s reliance on Bottoson and King to support the rejection of Lebron’s Ring claim, the existence of the prior violent felony and the special verdict form in this case removes all doubt as to whether a unanimous jury found the aggravating circumstances “necessary for imposition of the death penalty.” Ring, 536 U.S. at 609, 122 S.Ct. 2428.