GERBER, J.
The defendant argues that the trial court should have granted his motion for judgment of acquittal as to the charge of first degree murder. Specifically, he contends that the state presented insufficient evidence of premeditation. We disagree and affirm.
We present the evidence in the light most favorable to the state. Pagan v. State, 830 So.2d 792, 803 (Fla.2002). The victim’s daughter Cristina testified that the defendant and the victim began a relationship several months before the murder. The victim also was in a relationship with the man who owned the trailer in which she lived. The defendant was upset that there was another man in the victim’s life. Eventually the victim’s relationship with the defendant became “rocky.” The victim told the defendant she could not be with him. In the following months, the defendant would appear unexpectedly at the victim’s trailer. When the victim *1074 asked the defendant to leave, he would sit across the street in an empty lot.
The victim’s daughter Margaret testified that, about three weeks before the murder, the defendant rode a bicycle to the victim’s trailer and got into an argument with the victim. The victim told the defendant that she did not want him coming around anymore. On the day before the murder, the victim babysat at Margaret’s house. Margaret called the victim four times. Each time, Margaret heard the victim’s cellular phone ringing in the background, which prompted the victim to become increasingly aggravated. Phone records confirmed that, on the day before the murder, the defendant called the victim ninety times.
On the day of the murder, at approximately 2:00 a.m., one of the victim’s neighbors saw the defendant fishing near the victim’s trailer. A second neighbor testified that, at approximately 10:30 a.m., she saw the victim driving her car towards her trailer. A third neighbor testified that, at approximately 11:00 a.m., he heard, from the vicinity of the victim’s trailer, “pops” which sounded like gunshots, followed by a woman’s screams, and then more “pops.”
Later that day, the victim was found dead in her driveway. She had been shot. The investigating officer testified that he observed the victim lying face down, without any shoes, and with her keys lying close to her body. The officer observed several spent bullet casings on the floor inside the trailer and a bullet hole in the living room mirror.
The medical examiner testified that the victim’s first injury was a forehead laceration, which was consistent with falling on the driveway. According to the medical examiner, the victim then suffered the three shots to the head and one in the neck, with the last shot to the head being fatal.
The defendant’s former employer testified that, two days after the murder, the defendant called her from a pay phone. The defendant asked her to pick him up at a truck stop and to bring the police. The defendant said that he had placed the “pistol” behind the washing machine in the victim’s trailer. When the employer asked the defendant how he could have killed the victim, the defendant responded, “I’m sorry, I’m sorry. I cause pain, I’m in pain, I deserve pain.” The police later arrested the defendant.
The following day, the police found the victim’s rifle behind the washing machine. The police also found two magazines for the rifle under a car in the victim’s driveway. A crime lab technician confirmed that all of the shell casings from the scene were fired from the rifle.
After the state rested, the defendant moved for a judgment of acquittal as to the charge of first degree murder. The defendant argued that the state presented insufficient evidence of premeditation. According to the defendant, the state’s circumstantial evidence did not refute the reasonable inference that the killing was a crime of passion. The trial court denied the motion. The jury found the defendant guilty as charged. This appeal followed.
In Pagan, our supreme court articulated the standard of review:
In reviewing a motion for judgment of acquittal, a de novo standard of review applies. Generally, an appellate court will not reverse a conviction which is supported by competent, substantial evidence. If, after viewing the evidence in the light most favorable to the State, a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt, sufficient evidence exists to sustain a conviction. However, if the State’s evidence is wholly circumstantial, not only must there be *1075 sufficient evidence establishing each element of the offense, but the evidence must also exclude the defendant’s reasonable hypothesis of innocence.
830 So.2d at 803 (internal citations omitted).
Viewing the evidence in the light most favorable to the state, a rational jury could have found the element of premeditation beyond a reasonable doubt. “ ‘Premeditation is a fully formed conscious purpose to Mil that may be formed in a moment and need only exist for such time as will allow the accused to be conscious of the nature of the act about to be committed and the possible result of that act.’ ” Etienne v. State, 15 So.3d 890, 893 (Fla. 4th DCA 2009) (quoting Pearce v. State, 880 So.2d 561, 572 (Fla.2004)). “Whether a premeditated design to MU was formed prior to a Mlling is a question of fact for the jury that may be established by circumstantial evidence.” Pearce, 880 So.2d at 572. “[E]vidence from which premeditation may be inferred includes such matters as the nature of the weapon used, ... previous difficulties between the parties, the manner in which the homicide was committed, and the nature and manner of the wounds inflicted.” Griggs v. State, 753 So.2d 117, 120 (Fla. 4th DCA 1999) (citation omitted). “Where the element of premeditation is sought to be established by circumstantial evidence, the evidence must be inconsistent with every other reasonable inference.” Fennell v. State, 959 So.2d 810, 814 (Fla. 4th DCA 2007) (citation omitted).
Here, the state’s circumstantial evidence of premeditation refutes every other reasonable inference. The defendant’s presence near the victim’s trailer at 2:00 a.m. on the day of the murder indicates that the defendant was lying in wait for the victim. Lying in wait supports a finding of premeditation. See Walker v. State, 957 So.2d 560, 582-83 (Fla.2007) (substantial evidence supported finding that murder was committed in premeditated manner where defendant and accomplice were lying in wait for victim).
The state’s theory that the defendant attempted to shoot the victim in the trailer, pursued her when she ran outside, and shot her after she fell down, strongly supports a finding of premeditation. See Tedder v. State, 322 So.2d 908, 910 (Fla.1975) (evidence that, among other things, defendant came from place of concealment with deadly weapon in his hand, began firing shots at victim, pursued victim inside her trailer where additional shots were fired, and then abandoned victim, established premeditation); Griggs, 753 So.2d at 120 (circumstantial evidence was sufficient to support premeditation where there appeared to be a struggle in victim’s store, victim’s body was found outside his store, and defendant used semi-automatic weapon to fire five shots); Kattick v. State, 743 So.2d 75, 75 (Fla. 5th DCA 1999) (“[T]he jury could properly determine the time it took [the defendant] to follow the victim from the house and shoot her as she fled was sufficient time to reflect on his act and understand the probable result of shooting her in the back.”). Here, the state’s pursuit theory was evidenced by: (1) the third neighbor’s testimony that he heard “pops” which sounded like gunshots, followed by a woman’s screams, and then more “pops”; (2) observations by police of bullets fired both inside and outside the trailer; (3) discovery of the victim’s body without any shoes, and with her keys lying close by, suggesting that she was trying to escape quickly to her car; and (4) the medical examiner’s testimony that the victim’s first injury was a forehead laceration, consistent with falling on the driveway, before being shot in the head.
*1076 The fact that the defendant shot the victim three times in the head farther supports a finding of premeditation. See Mitchell v. State, 734 So.2d 450, 453 (Fla. 4th DCA 1999) (evidence that the victim was shot in the head is consistent with a finding of premeditation).
In sum, the state presented sufficient circumstantial evidence of premeditation which refuted every other reasonable inference. The trial court properly denied the defendant’s motion for judgment of acquittal as to first degree murder. We reject the defendant’s other arguments without further comment.

Affirmed.

STEVENSON and HAZOURI, JJ., concur.